UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Cr. No.: 6:00-cr-00380-GRA-1 |
| Plaintiff, | |
| v. | **ORDER** (Written Opinion) |
| Steven McKelvey, | |
| Defendant. | |

This matter is before the Court on the Defendant's *pro se* Motion for Appointment of Counsel, which this Court is liberally construing as also being a Motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). Defendant filed the *pro se* Motions on May 31, 2012 *See* ECF No. 128. For the following reasons, Defendant's Motions are DENIED.

### Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of

amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

*I.   Motion for Appointment of Counsel*

"[A] criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). But, the Court has the power to exercise its discretion to appoint counsel for certain post-conviction proceedings in some exceptional cases. *See Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). However, a motion pursuant to § 3582(c) does not fit within this category. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not require a court to appoint counsel to resolve § 3582(c)(2) motion). Therefore, Defendant's Motion for Appointment of Counsel is hereby DENIED.

*II.    Motion for Reduction of Sentence*

Defendant was originally sentenced to life imprisonment on July 30, 2001. *See* ECF No. 85. Defendant was sentenced pursuant to the U.S.S.G. § 2D1.1(c), and 21 U.S.C. § 841(b)(1)(A) (2006), which imposed a statutory minimum sentence of life imprisonment. *See* ECF No. 30. Defendant's sentence was enhanced due to his classification as a career offender under U.S.S.G. § 4B1.1. Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1 or Rule 35 and Defendant did not appeal his sentence.

On March 27, 2012, this Court denied Defendant's *pro se* Motion to Reduce Sentence under § 3582(c). *See* ECF No. 126. This Court concluded that Defendant was not entitled to a reduction because Defendant had been sentenced under the statutorily mandated minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). *See id.* Defendant did not appeal that order.

Here, Defendant makes the same argument in the instant Motion for Reduction of Sentence as he did in the previous motion, which this Court previously addressed and denied. *See id.* Therefore, this Court holds that Defendant's Motion is barred under the doctrine of *res judicata*. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action.").[1] Therefore, Defendant's Motion for Reduction of Sentence is DENIED.

---

[1] Furthermore, liberally construing this Motion as a Motion to Reconsider, this Court also denies that motion after thoroughly considering the record and applicable case law.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Appointment of Counsel be **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Reduction of Sentence be **DENIED.**

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August __16__, 2012
Anderson, South Carolina